**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CALVIN L. BULLUCK,

                          Plaintiff,

     v.                                        3:24-CV-0750 (AMN/ML)

BROOME COUNTY SECTOR DEP'T OF CORR. AND SUPERVISION, New York State Dep't of Corr. and Cmty. Supervision; DAVID M. STANTON, Administrative Law Judge; LESLIE STRYKOWSKI, Parole Revocation Specialist; and MARIE MANGINO, Parole Officer,

                          Defendants.

---

**APPEARANCES:**                                   **OF COUNSEL:**

**CALVIN L. BULLUCK**
Washington Correctional Facility
Post Office Box 180
72 Lock 11 Lane
Comstock, New York 12821
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.    INTRODUCTION**

On June 6, 2024, Plaintiff *pro se* Calvin L. Bulluck ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Broome County Sector Department of Corrections and Supervision, David M. Stanton, Leslie Strykowski, and Marie Mangino (collectively, "Defendants") alleging violations of his civil rights. Dkt. No. 1 ("Complaint"). Plaintiff sought and received leave to proceed *in forma pauperis*. Dkt. Nos. 2, 5.

This matter was referred to United States Magistrate Miroslav Lovric, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on October 29, 2024, recommended that the Complaint be dismissed without prejudice and without leave to amend. Dkt. No. 5 ("Report-Recommendation"). Magistrate Judge Lovric advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 11.[1] Plaintiff filed his objections on November 15, 2024. Dkt. No. 7.

For the reasons set forth below, the Court rejects Plaintiff's objections and adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

2

*1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228–29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.   DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has

raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

Plaintiff's Complaint alleges that Plaintiff was released from Fishkill Correctional Facility in November 2020. Dkt. No. 1 at 5. The Complaint also alleges that Plaintiff was arrested on August 23, 2021, and that he satisfied a parole violation from August 23, 2021 until August 23, 2022. *Id.* Plaintiff now asserts that Defendants violated his right to due process by sentencing him for a second parole violation to his maximum expiration despite the fact that he had already satisfied a parole violation on the same charge and there was no new parole violation of a non-technical nature. *Id.* Plaintiff avers that holding him to his maximum expiration violated New York's Less is More Act, which purportedly limits incarceration for technical violations of parole. *Id.* Plaintiff also alleges that Defendant Mangino gave false testimony at the hearing. *Id.* at 6.

The Report-Recommendation recommends dismissal of the Complaint. Dkt. No. 5. More specifically, Magistrate Judge Lovric found that Plaintiff's core allegations "necessarily impl[y] the invalidity of his conviction or sentence," and therefore cannot be asserted through a Section 1983 action without demonstrating "that the conviction or sentence has already been invalidated" pursuant to the doctrine set forth in *Heck v. Humphrey*. *Id.* at 5-8 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). In the alternative, Magistrate Judge Lovric recommended dismissal against three of the four Defendants on the basis that each is entitled to either 11th Amendment or quasi-judicial immunity. *Id.* at 8. Finally, Magistrate Judge Lovric suggested that the Complaint be dismissed without an opportunity to amend because "[t]he *Heck* rule bars [a] plaintiff's claims until the underlying conviction is invalidated, and thus providing the plaintiff with an opportunity to amend the complaint is futile until such time that the state court conviction is reversed,

4

invalidated by a federal writ of habeas corpus, or otherwise expunged or declared invalid." *Id.* at 10 (quoting *Cruz v. Reilly*, 08-CV-1245, 2009 WL 2567990, at *7 (E.D.N.Y. Aug. 18, 2009)). The Court agrees with Magistrate Judge Lovric's analysis for the reasons set forth in the Report-Recommendation.

Liberally construing Plaintiff's submission, the Court can discern three primary objections to the Report-Recommendation. Dkt. No. 7. The Court reviews these objections *de novo*. *See* 28 U.S.C. § 636(b)(1)(C).

First, Plaintiff objects to Magistrate Judge Lovric's characterization of his Complaint, asserting that "Plaintiff is not seeking damages due to being unhappy with the resolve and outcome of sentence . . . [but instead] Plaintiff seeks damages of whether the proceeding and/or determination was in violation of unlawful procedure, was affected by an error of law, was arbitrary and capricious or was otherwise unlawful." Dkt. No. 7 at 2 (internal quotation marks omitted). Plaintiff also avers that the Defendants "[d]id not conduct revocation hearing per the guidelines mandated by the N.Y.S. Legislation 'Less is More.'" *Id.* Through these objections, Plaintiff attempts to align the Complaint with the explicit carve out in *Heck*, which "acknowledge[s] that a plaintiff can bring a [Section] 1983 claim to seek damages for a defendant's use of the 'wrong procedures, not for reaching the wrong result' so long as such a claim does not call into question the lawfulness of plaintiff's continued confinement." *McAdoo v. Jagiello*, 10-CV-0355, 2011 WL 1577236, at *2 (N.D.N.Y. Apr. 26, 2011) (refusing to dismiss a Section 1983 claim) (citing *Heck*, 512 U.S. at 482-83). Magistrate Judge Lovric addressed this carve out in the Report-Recommendation. Dkt. No. 5 at 6. Regardless, if Plaintiff were to succeed on his claims, this Court's decision would necessarily imply that Plaintiff's confinement was unlawful. *See generally Heck*, 512 U.S. at 487. Contrary to the plaintiff in *McAdoo*, Plaintiff challenges more

5

than just the timeliness of his revocation hearing; he challenges the legal basis for his ultimate sentence by pointing to purported violations of the Less is More Act and a Defendant's alleged false statements during the hearing.  *Contra McAdoo*, 2011 WL 1577236, at *3 ("a finding that [the defendant] violated [the plaintiff's] due process right to a timely final revocation hearing does not necessarily imply that his subsequent parole revocation was invalid"); Dkt. No. 1 at 5-6. Plaintiff's challenges, if successful, would "obviously invalidate[] the determination made at the[] final revocation hearing[]." *Id.* (citing *Sumter v. Marion*, No. 98 Civ. 2744, 1999 WL 767426, at *5 (S.D.N.Y. Sept. 28, 1999) (dismissing § 1983 claim where challenge to sentence is based on falsified evidence at the revocation hearing) and *Sealey v. Fishkin*, No. 96 CV 6303, 1998 WL 1021470, at *5 (E.D.N.Y. Dec. 2, 1998) (dismissing § 1983 claim where challenge based on alleged false statements)).  Therefore, Plaintiff must invalidate the underlying sentence through Article 78 proceedings, a federal writ of habeas corpus, or some other form of relief, prior to suing Defendants pursuant to Section 1983.

Second, Plaintiff notes that he has taken "[a]dministrative steps before said complaint." Dkt. No. 7 at 2.  Plaintiff appears to argue that he has in fact appealed the underlying sentence, and that "the Dept of Parole has failed to respond or answer by rights of law Plaintiff's Appeal." *Id.* But the status of a potential appeal is not relevant to the analysis per *Heck*; Plaintiff still cannot demonstrate that his sentence his already been invalidated, and thus, may not bring this action. 512 U.S. at 487.

Third, reading the submission generously, Plaintiff suggests that Magistrate Judge Lovric is biased towards Defendants because he "is a Constituent of the same residing County of Defendants." Dkt. No. 7 at 2.  Plaintiff's argument is baseless.  Plaintiff does not point to any

6

conduct or connection to any party which might form the basis of a finding of partiality, or even a finding that his impartiality might reasonably be questioned.  *See* 28 U.S.C.A. § 455(a)-(b).

Finally, Plaintiff's citations do not provide a basis for avoiding dismissal via the *Heck* doctrine.  In *People ex rel. Jaeb v. Martuscello*, 81 Misc. 3d 317 (Sup. Ct. Dutchess Cnty. 2023)[2], the Court granted a writ of habeas corpus because the New York Less is More Act invalidated the petitioners' incarceration pursuant to a parole violation.  There, the petitioner was challenging the basis for his incarceration through a writ of habeas corpus and was not suing pursuant to Section 1983, and thus, the Court's findings there are inapplicable to the viability of Plaintiff's Section 1983 claims.  In *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Second Circuit found the district court was in error in dismissing the plaintiff's lawsuit because the district court failed to treat the pleadings liberally.  Here, Magistrate Judge Lovric and this Court have afforded Plaintiff every possible leniency in reading the Complaint, and the dismissal of Plaintiff's Complaint is based not on his failure to plead sufficient details and facts, but instead, the application of the *Heck* doctrine.  Finally, in *Matter of Jennette v. Dennison*, 30040/06, 2007 WL 656312, at *3 (Sup. Ct. Kings Cnty. Mar. 1, 2007), the petitioner sought relief from a Parole Board decision denying discretionary release to parole through CPLR Article 78 proceedings.  Again, the petitioner there sought to challenge the basis of the Parole Board's decision directly through Article 78 proceedings and was not suing officers involved pursuant to Section 1983.

In sum, following *de novo* review, the Court agrees with Magistrate Judge Lovric's findings and recommendations for the reasons set forth in the Report-Recommendation.

---

[2] Though Plaintiff cites to *People ex rel. Jacob v. Martuscello*, 81 Misc. 3d (Sup Ct, Dutchess County), the Court's research revealed no cases by that name.  In accordance with the obligation to read Plaintiff's submissions liberally, the Court assumes Plaintiff intended to cite *People ex rel. Jaeb v. Martuscello*, 81 Misc. 3d 317 (Sup. Ct. Duchess. Cnty. 2023).

7

Accordingly, the Report-Recommendation is adopted in its entirety. Plaintiff's request to be appointed an attorney is denied as moot. Dkt. No. 7 at 3.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED, without prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules, and close this case.[3]

**IT IS SO ORDERED.**

Dated: January 21, 2025
Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.